UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. **95-6069**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
)
GERALD FRANCIS CHILLI, )
NATALE ANTHONY PASSARO, )
MARK DAVID SOLOMON, )
RONALD JAMES EDREICH, )
KURT EUGENE MANFRE, )
PETER PHILLIP ROUSSONICOLOS, )
PERIKLIS KOUTROULAS, )
LEE RUSSELL KOORSE, and )
BRANDY THI CAMPBELL, )
)
Defendants. )
_____ )

18 USC 1962(d)
18 USC 1029
18 USC 922(g)(**CR-GONZALEZ**
18 USC 2   MAGISTRATE JUDGE
SNOW

INDICTMENT

The Grand Jury charges that:

GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.   The members and associates of the Bonanno Organized Crime Family of La Cosa Nostra (The Bonanno Family) were an organized criminal group that operated in the Southern District of Florida, New York, New Jersey and elsewhere.

2.   The Bonanno Family operated through groups of individuals headed by "captains," who were also referred to as "capos." These groups, which were referred to as "crews," and "regimes," consisted of "made" members of the Bonanno Family, who were also referred to as "soldiers," and non-member associates of the family. In addition, the Bonanno Family would associate with "earners" and

others who, although not members of the Bonanno Family, performed necessary and helpful roles to the Bonanno Family.

3.   Each captain was responsible for supervising the criminal activities of his "crew," and provided support and protection to "crew" members and associates.  In return, the "captain" received a share of the earnings of each of the "crew's" members and associates.

4.   Above the captains were the three highest-ranking members of the Bonanno Family.  The head of the Bonanno Family, who was known as the "Boss" was assisted by an "Underboss," as well as by a counselor, who was known as the "Consigliere."  With the assistance of the "Underboss" and "Consigliere," the "Boss" was responsible for setting policy, resolving disputes among Bonanno Family members and members of other criminal organizations, and approving all significant actions by members of the Bonanno Family. In return for his supervision and protection, the "Boss" received part of the illegal earnings of each "crew."

<u>COUNT ONE</u>

1.   The General Allegations of this Indictment, set forth above in paragraphs 1 through 4 inclusive, are realleged and incorporated by reference as though fully set forth herein.

<u>The Enterprise</u>

2.   From in or about March, 1993, up to and including April 28, 1995, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO,

2

MARK DAVID SOLOMON,
RONALD JAMES EDREICH,
KURT EUGENE MANFRE, and
PETER PHILLIP ROUSSONICOLOS,

and others known and unknown to the Grand Jury, constituted an Enterprise within the meaning of Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact which engaged in various criminal activities, including fraud and related activity in connection with access devices, among other criminal acts.

### The Structure Of The Enterprise

3.   The Enterprise was structured in the following manner:

a)   Defendant GERALD FRANCIS CHILLI, a "capo" in the Bonanno Family, supervised and controlled a "crew" in the Southern District of Florida, and elsewhere, while imprisoned in New York and Florida.   The "crew" consisted of several persons who were criminal associates of the Bonanno Family.

b)   Defendant NATALE ANTHONY PASSARO, a criminal associate of the Bonanno Family, was responsible for recruiting and supervising members of the "crew," re-encoding credit cards and directing the illegal use of the counterfeit credit cards in making fraudulent purchases of merchandise.   In addition, defendant NATALE ANTHONY PASSARO would report the activities of the "crew" to defendant GERALD FRANCIS CHILLI.

c)   Defendant MARK DAVID SOLOMON, a criminal associate, assisted in the illegal use of counterfeit credit cards.

d)   Defendant RONALD JAMES EDREICH, a criminal associate, assisted in the illegal use of counterfeit credit cards.

3

e)   Defendant KURT EUGENE MANFRE, a criminal associate, assisted in the illegal use of counterfeit credit cards.

f)   Defendant PETER PHILLIP ROUSSONICOLOS, a criminal associate, assisted in the illegal use of counterfeit credit cards.

### The Purpose, Manner and Means of the Enterprise

4.   The principal purpose of the Enterprise was to generate money for its members.  This purpose was effected through various criminal activities, including the illegal use of counterfeit credit cards.

5.   The operations and activities of the Enterprise were directed from the jail cells of defendant GERALD FRANCIS CHILLI.

6.   The members and associates of the Enterprise would steal and otherwise unlawfully obtain credit card receipts of charge in order to use the account numbers of innocent credit card holders for later production of counterfeit credit cards.

7.   The members and associates of the Enterprise would use a computer and an encoding device to illegally make counterfeit credit cards by re-encoding the magnetic stripes on the backs of credit cards with the account numbers of innocent credit card holders.

8.   The members and associates of the Enterprise would illegally use counterfeit credit cards to make fraudulent purchases of thousands of dollars of merchandise without the knowledge or consent of the innocent credit card holders whose account numbers were encoded on the counterfeit credit cards.

9.   The members and associates of the Enterprise would

4

illegally use counterfeit credit cards to make fraudulent purchases of merchandise throughout South Florida, and elsewhere, including, but not limited to Tampa, Florida.

10.   The members and associates of the Enterprise would sell the merchandise that had been fraudulently purchased with the counterfeit credit cards and would divide the proceeds.

11.   The members and associates of the Enterprise would engage in conduct designed to prevent government detection of their identities, their illegal activities and the proceeds derived from their illegal activities.

### The Conspiracy

12.   From in or about March, 1993, up to and including April 28, 1995, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO,
MARK DAVID SOLOMON,
RONALD JAMES EDREICH,
KURT EUGENE MANFRE, and
PETER PHILLIP ROUSSONICOLOS,

and others known and unknown to the Grand Jury, being persons employed by and associated with the Enterprise set forth above, did unlawfully, willfully, and knowingly combine, conspire, confederate and agree with each other, and with persons known and unknown to the Grand Jury, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, which Enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity as defined by Title 18, United States Code, Sections

5

1961(1) and (5), such pattern consisting of multiple acts indictable under Title 18, United States Code, Section 1029.

13.  It was part of the conspiracy that each defendant agreed to the commission of at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

### COUNT TWO

From in or about March, 1993, up to and including April 28, 1995, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO,
MARK DAVID SOLOMON,
RONALD JAMES EDREICH,
KURT EUGENE MANFRE,
PETER PHILLIP ROUSSONICOLOS,
PERIKLIS KOUTROULAS,
LEE RUSSELL KOORSE, and
BRANDY THI CAMPBELL,

did knowingly and willfully combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury to commit an offense against the United States, that is, to violate Title 18, United States Code, Sections 1029(a)(1), (a)(3) and (a)(4).

### The Purpose and Object of the Conspiracy

It was the purpose and object of this conspiracy to knowingly and with intent to defraud, possess at least fifteen unauthorized access devices that were stolen and that were obtained with intent to defraud, and possess and have control and custody of device-

6

making equipment, and use counterfeit access devices, in violation of Title 18, United States Code, Sections 1029(a)(3), (a)(4) and (a)(1).

### The Manner and Means of the Conspiracy

The manner and means by which the conspiracy was sought to be accomplished included illegally making counterfeit access devices by using a computer and an encoding device to magnetically re-encode the magnetic stripes on the backs of credit cards with the account numbers of innocent credit card holders. After re-encoding the magnetic stripes on the credit cards, the conspirators would illegally use those counterfeit credit cards to make fraudulent purchases of merchandise without the knowledge or consent of the innocent credit card holders whose account numbers were encoded on the counterfeit credit cards.

### Overt Acts

In furtherance of this conspiracy and to effect the objects thereof, there were committed, by at least one of the co-conspirators herein, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1.    In or about March, 1993, defendant LEE RUSSELL KOORSE stole approximately one thousand (1,000) credit card receipts of charge from his place of employment, The Home Depot, store number 218, in Deerfield Beach, Florida.

2.    In or about March, 1993, at Boca Raton, Palm Beach County, Florida, defendant LEE RUSSELL KOORSE delivered approximately one thousand (1,000) stolen credit card receipts of

charge to defendant NATALE ANTHONY PASSARO, who took possession of those credit card receipts of charge.

3. On or about March 26, 1993, defendant NATALE ANTHONY PASSARO spoke on the telephone with defendant GERALD FRANCIS CHILLI at his place of confinement at the Metropolitan Correctional Center, New York, New York.

4. On or about March 26, 1993, at approximately 5:21 p.m., at Bloomingdale's, at the Gardens Mall, Palm Beach Gardens, Palm Beach County, Florida, defendant RONALD JAMES EDREICH used a counterfeit credit card to illegally purchase merchandise.

5. On or about March 26, 1993, at approximately 5:39 p.m., at Bloomingdale's, at the Gardens Mall, Palm Beach Gardens, Palm Beach County, Florida, defendant RONALD JAMES EDREICH used a counterfeit credit card to illegally purchase merchandise.

6. On or about April 5, 1993, at approximately 6:51 p.m., at Bloomingdale's, at the Gardens Mall, Palm Beach Gardens, Palm Beach County, Florida, defendants RONALD JAMES EDREICH and KURT EUGENE MANFRE used a counterfeit credit card to illegally purchase merchandise.

7. On or about April 5, 1993, at approximately 6:55 p.m., at Bloomingdale's, at the Gardens Mall, Palm Beach Gardens, Palm Beach County, Florida, defendants RONALD JAMES EDREICH and KURT EUGENE MANFRE used a counterfeit credit card to illegally purchase merchandise.

8. On or about April 27, 1993, at Bloomingdale's, at the Gardens Mall, Palm Beach Gardens, Palm Beach County, Florida,

8

defendant MARK DAVID SOLOMON attempted to use a counterfeit credit card to illegally purchase a Tag Heuer watch.

9. On or about April 27, 1993, at Bloomingdale's, at the Gardens Mall, Palm Beach Gardens, Palm Beach County, Florida, defendant MARK DAVID SOLOMON attempted to use a counterfeit credit card to illegally purchase a suit and slacks.

10. On or about May 10, 1993, at Cellular Concepts, Deerfield Beach, Broward County, Florida, defendant NATALE ANTHONY PASSARO used a counterfeit credit card to illegally purchase merchandise.

11. On or about May 14, 1993, at Burdines, at Pompano Square Mall, Pompano Beach, Broward County, Florida, defendant KURT EUGENE MANFRE used a counterfeit credit card to illegally purchase merchandise.

12. On or about May 14, 1993, at Burdines, at Pompano Square Mall, Pompano Beach, Broward County, Florida, defendant KURT EUGENE MANFRE attempted to use a counterfeit credit card to illegally purchase merchandise.

13. On or about May 30, 1993, at Burdines, at the Tampa Bay Center Mall, Tampa, Hillsborough County, Florida, defendant MARK DAVID SOLOMON used a counterfeit credit card to illegally purchase two Sony FX511 camcorders.

14. On or about May 30, 1993, at Burdines, at the Tampa Bay Center Mall, Tampa, Hillsborough County, Florida, defendant MARK DAVID SOLOMON used a counterfeit credit card to illegally purchase a diamond bracelet.

15. On or about May 30, 1993, at Burdines, at the University

Square Mall, Tampa, Hillsborough County, Florida, defendant MARK DAVID SOLOMON used a counterfeit credit card to illegally purchase merchandise.

16. On or about June 8, 1993, at approximately 5:51 p.m., at Causeway Chevron, Pompano Beach, Broward County, Florida, defendant NATALE ANTHONY PASSARO used a counterfeit credit card to illegally purchase gasoline.

17. On or about June 8, 1993, at approximately 5:52 p.m., at Causeway Chevron, Pompano Beach, Broward County, Florida, defendant NATALE ANTHONY PASSARO used a counterfeit credit card to illegally purchase gasoline.

18. In or about June, 1993, at the Radio Shack, Deerfield Beach, Broward County, Florida, defendants KURT EUGENE MANFRE, PETER PHILLIP ROUSSONICOLOS, RONALD JAMES EDREICH and PERIKLIS KOUTROULAS met with, and were introduced to, Radio Shack employees.

19. On or about July 2, 1993, at Lighthouse Point, Broward County, Florida, defendant NATALE ANTHONY PASSARO possessed a computer and an encoder.

20. On or about July 2, 1993, at Radio Shack, Deerfield Beach, Broward County, Florida, defendants RONALD JAMES EDREICH, PETER PHILLIP ROUSSONICOLOS and PERIKLIS KOUTROULAS used a counterfeit credit card to illegally purchase merchandise.

21. In or about July, 1993, defendant NATALE ANTHONY PASSARO met with Frank Joseph Suppa, an acting capo in the Lucchese organized crime family, Anthony Suppa and Anthony Induisi, a capo in the Colombo organized crime family.

10

22. On or about July 9, 1993, at a Federal Express office at Pompano Beach, Florida, defendant NATALE ANTHONY PASSARO picked up a package containing a credit card encoding device and placed it in a black 1988 Mercedes Benz 560 SEL automobile and drove away.

23. On or about July 14, 1993, at OfficeMax, at Hialeah, Dade County, Florida, defendant NATALE ANTHONY PASSARO attempted to use a counterfeit credit card to illegally purchase merchandise.

24. On or about July 15, 1993, defendants NATALE ANTHONY PASSARO, BRANDY THI CAMPBELL, and PETER PHILLIP ROUSSONICOLOS traveled to a Sears store, at Aventura Mall, Miami, Dade County, Florida, for the purpose of illegally purchasing merchandise with a counterfeit credit card.

25. On or about July 15, 1993, at Sears, at Aventura Mall, Miami, Dade County, Florida, defendants NATALE ANTHONY PASSARO, PETER PHILLIP ROUSSONICOLOS and BRANDY THI CAMPBELL attempted to use a counterfeit credit card to illegally purchase merchandise.

26. On or about July 29, 1993, at Radio Shack, Deerfield Beach, Broward County, Florida, defendant RONALD JAMES EDREICH used a counterfeit credit card to illegally purchase merchandise.

27. On or about August 7, 1993, at Radio Shack, Deerfield Beach, Broward County, Florida, defendant PETER PHILLIP ROUSSONICOLOS used a counterfeit credit card to illegally purchase merchandise.

28. On or about August 9, 1993, at approximately 2:42 p.m., at Radio Shack, Deerfield Beach, Broward County, Florida, defendants PETER PHILLIP ROUSSONICOLOS and PERIKLIS KOUTROULAS used

11

a counterfeit credit card to illegally purchase merchandise.

29. On or about August 9, 1993, at approximately 3:26 p.m., at Radio Shack, Deerfield Beach, Broward County, Florida, defendants PETER PHILLIP ROUSSONICOLOS and PERIKLIS KOUTROULAS used a counterfeit credit card to illegally purchase merchandise.

30. On or about August 9, 1993, at approximately 3:36 p.m., at Radio Shack, Deerfield Beach, Broward County, Florida, defendants PETER PHILLIP ROUSSONICOLOS and PERIKLIS KOUTROULAS used a counterfeit credit card to illegally purchase merchandise.

31. On or about August 10, 1993, at approximately 9:44 a.m., at Radio Shack, Deerfield Beach, Broward County, Florida, defendant PETER PHILLIP ROUSSONICOLOS used a counterfeit credit card to illegally purchase merchandise.

32. On or about August 10, 1993, at approximately 9:50 a.m., at Radio Shack, Deerfield Beach, Broward County, Florida, defendant PETER PHILLIP ROUSSONICOLOS used a counterfeit credit card to illegally purchase merchandise.

33. In or about August, 1993, defendant PETER PHILLIP ROUSSONICOLOS traveled to a Radio Shack, at Deerfield Beach, Broward County, Florida, for the purpose of illegally purchasing merchandise with a counterfeit credit card.

34. On or about September 13, 1993, at Goren Chevron at Fort Lauderdale, Broward County, Florida, defendant MARK DAVID SOLOMON used a counterfeit credit card to illegally purchase gasoline.

35. On or about September 14, 1993, at a Mobil station at Coral Springs, Broward County, Florida, defendant MARK DAVID

SOLOMON used a counterfeit credit card to illegally purchase gasoline.

36. On or about September 15, 1993, at a Mobil station at Fort Lauderdale, Broward County, Florida, defendant MARK DAVID SOLOMON attempted to use a counterfeit credit card to illegally purchase gasoline.

37. On or about November 18, 1993, at Burdines, Palm Beach Mall, West Palm Beach, Florida, defendant BRANDY THI CAMPBELL used a counterfeit credit card to illegally purchase merchandise.

38. On or about June 23, 1994, at Lord & Taylor, Galleria Mall, Fort Lauderdale, Florida, defendant BRANDY THI CAMPBELL used a counterfeit credit card to illegally purchase merchandise.

39. On or about June 29, 1994, at Lord & Taylor, Aventura Mall, Miami, Florida, defendant BRANDY THI CAMPBELL attempted to use a counterfeit credit card to illegally purchase merchandise.

40. On or about April 28, 1995, at Delray Beach, Palm Beach County, Florida, defendant NATALE ANTHONY PASSARO possessed a computer and an encoder.

41. On or about April 28, 1995, at Delray Beach, Palm Beach County, Florida, defendant NATALE ANTHONY PASSARO possessed approximately one hundred forty-three (143) credit card receipts of charge.

In violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT THREE

In or about March, 1993, at the Crocker Center, Boca Raton,

13

Palm Beach County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO and
LEE RUSSELL KOORSE,

did knowingly and with intent to defraud, possess at least fifteen unauthorized access devices that were stolen, and that were obtained with intent to defraud, that is, approximately one thousand (1,000) credit card receipts of charge, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## COUNT FOUR

On or about March 26, 1993, at approximately 5:21 p.m., at Bloomingdale's, at the Gardens Mall, Palm Beach Gardens, Palm Beach County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO and
RONALD JAMES EDREICH,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a Visa credit card embossed on the front with the name, Paul C. LaMotta, and the back of the card bearing a magnetic stripe encoded with MBNA America Bank Visa account number 4800 1209 2606 7281, which was the Visa account number of William A. Heller, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

## COUNT FIVE

On or about March 26, 1993, at approximately 5:39 p.m., at

14

Bloomingdale's, at the Gardens Mall, Palm Beach Gardens, Palm Beach County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO and
RONALD JAMES EDREICH,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a Visa credit card embossed on the front with the name, Paul C. LaMotta, and the back of the card bearing a magnetic stripe encoded with MBNA America Bank Visa account number 4800 1209 2606 7281, which was the Visa account number of William A. Heller, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

## COUNT SIX

On or about April 5, 1993, at approximately 6:51 p.m., at Bloomingdale's, at the Gardens Mall, Palm Beach Gardens, Palm Beach County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO,
RONALD JAMES EDREICH and
KURT EUGENE MANFRE,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a MasterCard credit card embossed on the front with the name, Michael Betts, and the back of the card bearing a magnetic stripe encoded with NationsBank of Delaware MasterCard account number 5328 1001 1193 2747, which was the MasterCard account number of Robert W. Burke, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

15

## COUNT SEVEN

On or about April 5, 1993, at approximately 6:55 p.m., at Bloomingdale's, at the Gardens Mall, Palm Beach Gardens, Palm Beach County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO,
RONALD JAMES EDREICH and
KURT EUGENE MANFRE,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a MasterCard credit card embossed on the front with the name, Michael Betts, and the back of the card bearing a magnetic stripe encoded with NationsBank of Delaware MasterCard account number 5328 1001 1193 2747, which was the MasterCard account number of Robert W. Burke, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

## COUNT EIGHT

On or about April 27, 1993, at Bloomingdale's, at the Gardens Mall, Palm Beach Gardens, Palm Beach County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO and
MARK DAVID SOLOMON,

did knowingly and with intent to defraud, attempt to use a counterfeit access device, that is, a MasterCard credit card embossed on the front with the name, Paul C. LaMotta, and the back of the card bearing a magnetic stripe encoded with Bank of New York MasterCard account number 5420 7435 0330 1679, which was the MasterCard account number of Thomas J. McAna and Emlyn J. McAna,

16

said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(b)(1), (a)(1) and 2.

## COUNT NINE

On or about May 10, 1993, at Cellular Concepts, at Deerfield Beach, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI and
NATALE ANTHONY PASSARO,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a credit card embossed on the front with the name, Michael Betts, and the back of the card bearing a magnetic stripe encoded with Chase Manhattan Bank Visa Account Number 4225 902 045 300, which was the Visa account number of John Calderaio, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

## COUNT TEN

On or about June 8, 1993, at Causeway Chevron, Pompano Beach, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI and
NATALE ANTHONY PASSARO,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a credit card with a magnetic stripe on the back of the card encoded with AT&T Universal Card Services Corporation MasterCard account number 5396 5600 0118 9285, which was the MasterCard account number of David S. Lipp, said offense affecting

17

interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

COUNT ELEVEN

On or about June 8, 1993, at Causeway Chevron, Pompano Beach, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI and<br>NATALE ANTHONY PASSARO,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a credit card with a magnetic stripe on the back of the card encoded with Barnett Card Services Visa account number 4312 1260 0991 1668, which was the Visa account number of Roberta Horth, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

COUNT TWELVE

On or about July 2, 1993, at Lighthouse Point, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI and<br>NATALE ANTHONY PASSARO,

did knowingly and with intent to defraud, possess, and have control and custody of, device-making equipment, that is, a Compaq Contura 4/25C laptop computer and an American Magnetics Corporation encoder, serial number 284460-0393, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(4) and 2.

18

## COUNT THIRTEEN

On or about July 2, 1993, at Lighthouse Point, Broward County, in the Southern District of Florida, the defendant,

### NATALE ANTHONY PASSARO,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, on or about January 12, 1988, in Case Number 86-9456CFB, in the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, Florida, of the offense of trafficking in cocaine; and on or about June 12, 1990, in Case Number 90-3370CFA, in the Circuit Court, Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, of the offense of obtaining a driver's license by fraud and of the offense of fictitious registration of a vehicle; and on or about January 31, 1991, in Case Number 90-24156CF10A, in the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, Florida, of the offense of possession of cannabis; and on or about February 25, 1991, in Case Number 90-11601CFA, in the Circuit Court, Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, of the offense of possession of cocaine; did knowingly possess a firearm in and affecting interstate and foreign commerce, that is, a Taurus .38 caliber revolver, serial number 2041905; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT FOURTEEN

On or about July 2, 1993, at Radio Shack, Deerfield Beach, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO,
RONALD JAMES EDREICH,
PETER PHILLIP ROUSSONICOLOS, and
PERIKLIS KOUTROULAS,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a credit card with a magnetic stripe on the back of the card encoded with Universal Bank AT&T MasterCard account number 5398 6000 0838 6985, which was the MasterCard account number of Virginia and Harold Royael, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

<u>COUNT FIFTEEN</u>

On or about July 14, 1993, at OfficeMax, at Hialeah, Dade County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI and
NATALE ANTHONY PASSARO,

did knowingly and with intent to defraud, attempt to use a counterfeit access device, that is, a Citibank Visa credit card embossed on the front with the name, Theodore P. Noyes, and account number, 4271 3828 8021 8710, and the back of the card bearing a magnetic stripe encoded with FCC National Bank Visa FirstCard account number 4250 4870 8589 3, which was the Visa account number of Anthony T. Pires, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Section 1029(b)(1), (a)(1) and 2.

<u>COUNT SIXTEEN</u>

On or about July 15, 1993, at Sears, at Aventura Mall, Miami, Dade County, in the Southern District of Florida, the defendants,

20

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO,
PETER PHILLIP ROUSSONICOLOS and
BRANDY THI CAMPBELL,

did knowingly and with intent to defraud, attempt to use a counterfeit access device, that is, a National Bank of Canada MasterCard credit card embossed on the front with the name, Pierre LaTourelle, and account number, 5258 5722 2062 225, and the back of the card bearing a magnetic stripe encoded with Harris Trust & Savings Bank MasterCard account number 5230 8005 1087 8048, which was the MasterCard account number of Eileen and Joseph Conley, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(b)(1), (a)(1) and 2.

## COUNT SEVENTEEN

On or about July 29, 1993, at Radio Shack, Deerfield Beach, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO and
RONALD JAMES EDREICH,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a credit card embossed on the front with the name, Danuta Tomaszewski, and the back of the card bearing a magnetic stripe encoded with USAA Federal Savings Bank MasterCard account number 5416 3000 0283 6766, which was the MasterCard account number of Sharon Jean and Peter J. Sinatra, Jr., said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

21

### COUNT EIGHTEEN

On or about August 7, 1993, at Radio Shack, Deerfield Beach, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO and
PETER PHILLIP ROUSSONICOLOS,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a credit card with a magnetic stripe on the back of the card encoded with First Union National Bank of North Carolina MasterCard account number 5228 5300 0286 3133, which was the MasterCard account number of Eleanor and James H. Evans, II, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

### COUNT NINETEEN

On or about August 9, 1993, at approximately 2:42 p.m., at Radio Shack, Deerfield Beach, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO,
PETER PHILLIP ROUSSONICOLOS and
PERIKLIS KOUTROULAS,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a credit card with a magnetic stripe on the back of the card encoded with Chevy Chase Federal Savings Bank MasterCard account number 5242 0040 8260 5816, which was the MasterCard account number of Gary and Alice White, said offense affecting interstate and foreign commerce; in violation of Title

18, United States Code, Sections 1029(a)(1) and 2.

## COUNT TWENTY

On or about August 9, 1993, at approximately 3:26 p.m., at Radio Shack, Deerfield Beach, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO,
PETER PHILLIP ROUSSONICOLOS and
PERIKLIS KOUTROULAS,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a credit card with a magnetic stripe on the back of the card encoded with Chevy Chase Federal Savings Bank MasterCard account number 5242 0040 8260 5816, which was the MasterCard account number of Gary and Alice White, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

## COUNT TWENTY-ONE

On or about August 9, 1993, at approximately 3:36 p.m., at Radio Shack, Deerfield Beach, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO,
PETER PHILLIP ROUSSONICOLOS and
PERIKLIS KOUTROULAS,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a credit card with a magnetic stripe on the back of the card encoded with Chevy Chase Federal Savings Bank MasterCard account number 5242 0040 8260 5816, which was the MasterCard account number of Gary and Alice White, said offense

affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

COUNT TWENTY-TWO

On or about August 10, 1993, at approximately 9:44 a.m., at Radio Shack, Deerfield Beach, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO and
PETER PHILLIP ROUSSONICOLOS,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a credit card with a magnetic stripe on the back of the card encoded with USAA Federal Savings Bank MasterCard account number 5416 3005 9190 3597, which was the MasterCard account number of Monique M. Bourgery, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

COUNT TWENTY-THREE

On or about August 10, 1993, at approximately 9:50 a.m., at Radio Shack, Deerfield Beach, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO and
PETER PHILLIP ROUSSONICOLOS,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a credit card with a magnetic stripe on the back of the card encoded with USAA Federal Savings Bank MasterCard account number 5416 3005 9190 3597, which was the MasterCard account number of Monique M. Bourgery, said offense affecting

interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

### COUNT TWENTY-FOUR

On or about November 18, 1993, at Burdines, Palm Beach Mall, West Palm Beach, Palm Beach County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO and
BRANDY THI CAMPBELL,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a Universal Bank MasterCard credit card embossed on the front with the name, Marlys M. Dodd, and account number 5398 6000 0172 7953, and the back of the card bearing a magnetic stripe encoded with Universal Bank MasterCard account number 5396 5500 0884 7886, which was the MasterCard account number of Sandra and Walter McDougald, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

### COUNT TWENTY-FIVE

On or about June 23, 1994, at Lord & Taylor, Galleria Mall, Fort Lauderdale, Broward County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO and
BRANDY THI CAMPBELL,

did knowingly and with intent to defraud, use a counterfeit access device, that is, a Citibank Visa credit card embossed on the front with the name, Dawn Billeci, and account number 4128 0027 8568

25

3934, and the back of the card bearing a magnetic stripe encoded with Monogram Bank Visa account number 4317 2548 9991 6202, which was the Visa account number of Sara Hurwitz, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

## COUNT TWENTY-SIX

On or about June 29, 1994, at Lord & Taylor, Aventura Mall, Miami, Dade County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO and
BRANDY THI CAMPBELL,

did knowingly and with intent to defraud, attempt to use a counterfeit access device, that is, a Citibank Visa credit card embossed on the front with the name, Marla S. Selvage, and account number 5263 4610 0146 8284, and the back of the card bearing a magnetic stripe encoded with Universal Bank MasterCard account number 5396 5500 0337 1791, which was the MasterCard account of Pearl and Angelo Santucci, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(b)(1), (a)(1) and 2.

## COUNT TWENTY-SEVEN

On or about April 28, 1995, at Delray Beach, Palm Beach County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI and
NATALE ANTHONY PASSARO,

did knowingly and with intent to defraud, possess, and have control and custody of, device-making equipment, that is, a Compaq Contura

26

400C laptop computer and an encoder, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(4) and 2.

### COUNT TWENTY-EIGHT

On or about April 28, 1995, at Delray Beach, Palm Beach County, in the Southern District of Florida, the defendants,

GERALD FRANCIS CHILLI and
NATALE ANTHONY PASSARO,

did knowingly and with intent to defraud, possess at least fifteen unauthorized access devices that were stolen, and that were obtained with intent to defraud, that is, approximately one hundred forty-three (143) credit card receipts of charge, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

### COUNT TWENTY-NINE

On or about April 28, 1995, at Delray Beach, Palm Beach County, in the Southern District of Florida, the defendant,

NATALE ANTHONY PASSARO,

did knowingly and with intent to defraud, possess, and have control and custody of, a telecommunications instrument, that is, a portable cellular telephone, that had been modified and altered to obtain unauthorized use of telecommunications services, said offense affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(5) and (e).

### COUNT THIRTY

On or about April 28, 1995, at Delray Beach, Palm Beach County, in the Southern District of Florida, the defendant,

NATALE ANTHONY PASSARO,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, on or about January 12, 1988, in Case Number 86-9456CFB, in the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, Florida, of the offense of trafficking in cocaine; and on or about June 12, 1990, in Case Number 90-3370CFA, in the Circuit Court, Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, of the offense of obtaining a driver's license by fraud and of the offense of fictitious registration of a vehicle; and on or about January 31, 1991, in Case Number 90-24156CF10A, in the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, Florida, of the offense of possession of cannabis; and on or about February 25, 1991, in Case Number 90-11601CFA, in the Circuit Court, Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, of the offense of possession of cocaine; did knowingly possess ammunition in and affecting interstate and foreign commerce, that is, twenty-five Winchester 12-gauge shotgun shells; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**FORFEITURE**

1.     The General Allegations of the Indictment and the allegations of Count One of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963.

2.     The defendants,

GERALD FRANCIS CHILLI,
NATALE ANTHONY PASSARO,
MARK DAVID SOLOMON,
RONALD JAMES EDREICH,
KURT EUGENE MANFRE, and
PETER PHILLIP ROUSSONICOLOS,

have property constituting, and derived from, proceeds which they obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, which property is forfeitable to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).  Such forfeitable property includes, but is not limited to, at least $50,000.

3.     The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

4.     If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 1963, as a result of any act or omission of the defendants --

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with,

29

a third party;

c.    has  been  placed  beyond  the  jurisdiction  of  the
court;

d.    has been substantially diminished in value, or;

e.    has been commingled with other property that cannot
be divided without difficulty;

it is the intent of the United States of America, pursuant to Title
18, United States Code, Section 1963(m), to seek forfeiture of any
other property of the defendants up to the value of any property
described in subparagraphs a through e, above.

All pursuant to Title 18, United States Code, Section 1963.


A TRUE BILL


FOREPERSON


KENDALL COFFEY
UNITED STATES ATTORNEY


WILLIAM T. SHOCKLEY
ASSISTANT UNITED STATES ATTORNEY


ROBERT C. BLUME
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE


30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

v.

**CERTIFICATE OF TRIAL ATTORNEY**

GERALD FRANCIS CHILLI, et al.

I do hereby certify:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   This case will take __10__ days for the parties to try.

4.   Please check appropriate category and type of offense listed below:

(Check only one)                                         (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | __X__ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | _____ | | |

5.   Has this case been previously filed in this District Court? __NO__ (Yes or No)  If yes:

Judge: _____   Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter?  __YES__ (Yes or No)
If yes:

Magistrate Case No. US v. Natale Passaro, 95-5067-AEV

Related Miscellaneous numbers: _____

6.   This case originated in the U.S. Attorney's office prior to August 16, 1985 __NO__ (Yes or No).

_William T. Shockley_

WILLIAM T. SHOCKLEY
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5500122

REV. 12/01/94

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### <u>PENALTY SHEET</u> *

Defendant Name <u>GERALD FRANCIS CHILLI</u>          Case No. _____

Count # <u>1</u>       <u>RICO CONSPIRACY</u>

Max. Penalty:

          <u>20 years</u>

Count # <u>2</u>       <u>Conspiracy to commit credit card fraud</u>

Max. Penalty:    7 1/2 years

Count # <u>4,5,6,7,9,10,11,14,17-25</u>

     <u>Use of a counterfeit credit card</u>
Max. Penalty:  15 years

Count # <u>8,15,16,26  Attempted use of a counterfeit credit card</u>

Max. Penalty: 15 years

Count # <u>3, 28  Possession of at least 15 unauthorized access devices</u>

Max. Penalty: 10 years

Count # <u>12, 27  Possession of device-making equipment</u>

Max. Penalty: 15 years

Page 1 of __

*     This is merely a preliminary estimate of the maximum possible incarceration.  It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET *

Defendant Name <u>NATALE ANTHONY PASSARO</u>          Case No. _____

Count # <u>1</u>          <u>RICO CONSPIRACY</u>
_____

Max. Penalty:
            <u>20 years</u>
_____

Count # <u>2</u>          <u>Conspiracy to commit credit card fraud</u>
_____

Max. Penalty:   <u>7 1/2 years</u>
_____
_____

Count # <u>4,5,6,7,9,10,11,14,17-25</u>
_____

        <u>Use of a counterfeit credit card</u>
Max. Penalty:  15 years
_____

_____

Count # <u>8,15,16,26  Attempted use of a counterfeit credit card</u>
_____

Max. Penalty: 15 years
_____

_____

Count # <u>3, 28  Possession of at least 15 unauthorized access devices</u>
_____

Max. Penalty: 10 years
_____

_____

Count # <u>12, 27  Possession of device-making equipment</u>
_____

Max. Penalty: 15 years
_____

_____

Page 1 of <u>2</u>

*        This is merely a preliminary estimate of the maximum possible incarceration.  It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET *

Defendant Name  NATALE ANTHONY PASSARO          Case No. _____

Count #   29  Possession of a modified telecommunications instrument

Max. Penalty:
           15 years

Count #   13   Possession of a firearm by a convicted felon

Max. Penalty:
           10 years

Count #   30  Possession of ammunition by a convicted felon

Max. Penalty:
           10 years

Count # _____

Max. Penalty:

Count # _____

Max. Penalty:

Count # _____

Max. Penalty:

Page 2 of 2

*       This is merely a preliminary estimate of the maximum possible incarceration.  It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET *

Defendant Name MARK DAVID SOLOMON _____   Case No. _____

Count # _1_       RICO CONSPIRACY _____

Max. Penalty: _____
                    20 years _____

Count # _2_       Conspiracy to commit credit card fraud _____

Max. Penalty:   7 1/2 years _____

Count # _8_ _____

_____     Attempted use of a counterfeit credit card _____

Max. Penalty:  15 years _____

Count # _____

Max. Penalty: _____

Count # _____

Max. Penalty: _____

Count # _____

Max. Penalty: _____

Page 1 of __

*      This is merely a preliminary estimate of the maximum possible incarceration.  It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET *

Defendant Name <u>RONALD JAMES EDREICH</u>          Case No. _____

Count # <u>1</u>          <u>RICO CONSPIRACY</u>

Max. Penalty:
          <u>20 years</u>

Count # <u>2</u>          <u>Conspiracy to commit credit card fraud</u>

Max. Penalty:    7 1/2 years

Count # <u>4-7, 14, 17  Use of a counterfeit credit card</u>

Max. Penalty:  15 years

Count # _____

Max. Penalty:

Count # _____

Max. Penalty:

Count # _____

Max. Penalty:

Page 1 of \_\_

*        This is merely a preliminary estimate of the maximum possible incarceration.  It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET *

Defendant Name <u>KURT EUGENE MANFRE</u>          Case No. _____

Count # _1_          <u>RICO CONSPIRACY</u>

Max. Penalty:
          20 years

Count # _2_          <u>Conspiracy to commit credit card fraud</u>

Max. Penalty:    7 1/2 years

Count # _6,7_    <u>Use of a counterfeit credit card</u>

Max. Penalty:  15 years

Count # _____

Max. Penalty:

Count # _____

Max. Penalty:

Count # _____

Max. Penalty:

Page 1 of __

*        This is merely a preliminary estimate of the maximum possible incarceration.  It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET *

Defendant Name  PETER PHILLIP ROUSSONICOLOS      Case No. _____

Count #  1         RICO CONSPIRACY _____

Max. Penalty: _____
                    20 years _____

Count #  2         Conspiracy to commit credit card fraud _____

Max. Penalty:   7 1/2 years _____

_____

Count #  14,18-23   Use of a counterfeit credit card _____

_____

Max. Penalty:  15 years _____

Count #  16  Attempted use of a counterfeit credit card _____

_____

Max. Penalty:  15 years _____

_____

Count # _____

Max. Penalty: _____

_____

Count # _____

Max. Penalty: _____

_____

Page 1 of __

\*    This is merely a preliminary estimate of the maximum possible incarceration.  It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET *

Defendant Name PERIKLIS KOUTROULAS                    Case No. _____

Count # _2_          Conspiracy to commit credit card fraud

Max. Penalty:
                7  years

Count # _14, 19-21 Use of a counterfeit credit card_

Max. Penalty:    15      years

Count # _____

Max. Penalty:

Count # _____

Max. Penalty:

Count # _____

Max. Penalty:

Count # _____

Max. Penalty:

Page 1 of __

*       This is merely a preliminary estimate of the maximum possible incarceration.  It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### <u>PENALTY SHEET</u> *

Defendant Name <u>LEE RUSSELL KOORSE</u>                    Case No. _____

Count # <u>2</u>          <u>Conspiracy to commit credit card fraud</u>

_____

Max. Penalty: _____
                    <u>7 1/2 years</u>

Count # <u>3  Possession of at least 15 unauthorized access devices</u>

_____

Max. Penalty:    10      years

_____

Count # _____

_____

Max. Penalty: _____

_____

Count # _____

_____

Max. Penalty: _____

_____

Count # _____

Max. Penalty: _____

_____

Count # _____

_____

Max. Penalty: _____

_____

Page 1 of __

*      This is merely a preliminary estimate of the maximum possible incarceration.  It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET *

Defendant Name <u>BRANDY THI CAMPBELL</u>          Case No. _____

Count # _2_          Conspiracy to commit credit card fraud

Max. Penalty:
              7 1/2 years

Count # _24, 25_  Use of a counterfeit credit card

Max. Penalty:    15    years

Count # _16, 26_   Attempted use of a counterfeit credit card

Max. Penalty:
          15 years

Count # _____

Max. Penalty: _____

Count # _____

Max. Penalty: _____

Count # _____

Max. Penalty: _____

Page 1 of __

*     This is merely a preliminary estimate of the maximum possible incarceration. It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.